IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO.,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY CO.,

    Plaintiff       CASE NO.: **25-CV-24618 ALTONAGA**

vs.

ANNIE LYN CASTA, M.D., et al.,

    Defendant .
_____/

## **DEFENDANTS, CASTELLON MEDICAL CENTER, LLC AND FRANCISCO PEREZ, L.M.T.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW, Defendants, CASTELLON MEDICAL CENTER, LLC ("Castellon") and FRANCISCO PEREZ, L.M.T. ("Perez") (collectively, the "Castellon Defendants"), by and through undersigned counsel, and hereby file this Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [D.E. 12], stating as follows:

## **I. ANSWER TO SPECIFIC ALLEGATIONS**

1. Paragraph 1: Admitted that Plaintiffs purport to invoke the jurisdiction of this Court, but denied that Plaintiffs are entitled to the relief requested.

2. Paragraph 2: Admitted that Plaintiffs purport to base jurisdiction on the statutes cited, but denied that a valid claim exists under said statutes.

3. Paragraph 3: Admitted that Plaintiffs purport to base jurisdiction on 28 U.S.C. § 1332(a) and other statutes asserted, but denied that the allegations support such jurisdiction or liability against the Castellon Defendants.

4. Paragraphs 4–6: Admitted that Plaintiffs are insurance entities authorized to do business in Florida; denied as to any allegation of fraud or wrongdoing by the Castellon Defendants.

5. Paragraphs 7–13: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding other Defendants, and therefore deny the same.

6. Paragraph 14: Admitted that Castellon is a Florida limited liability company and that Francisco Perez is a member. Denied that Castellon "falsely purported" to be a properly licensed health care clinic or that it was used as a vehicle to submit fraudulent billing. All other allegations in this paragraph are denied .

7. Paragraph 15: Admitted that Francisco Perez is a citizen of Florida and a licensed massage therapist. Denied that Perez used Castellon to submit fraudulent billing or engaged in any unlawful scheme. All other allegations in this paragraph are denied .

8. Paragraphs 16–17: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs regarding Community Choice and Garcia Prada, and therefore deny the same.

9. Paragraphs 18–21 (Jurisdiction and Venue): Admitted that Plaintiffs purport to base jurisdiction and venue on the cited statutes. Admitted that venue is

appropriate in this District. Denied that Plaintiffs are entitled to any relief under RICO or 28 U.S.C. § 1332 against the Castellon Defendants .

10. Paragraphs 22–50 (Overview of Laws): These paragraphs contain Plaintiffs' characterizations of legal statutes (No-Fault Law, Clinic Act, etc.) to which no response is required. To the extent a response is required, Defendants deny any allegations that they operated in violation of these laws.

11. Paragraphs 51–229 (General Allegations): Denied. The Castellon Defendants expressly deny participating in any "fraudulent scheme" or "interrelated" conspiracy. Defendants specifically deny the allegations in Paragraphs 79–150 regarding "Initial Examinations" as they pertain to Castellon, Paragraphs 151–181 regarding "Physical Therapy", and Paragraphs 221–229 regarding "Fraudulent Concealment". Any allegation regarding other clinics or defendants is denied for lack of knowledge.

12. Paragraphs 230–321 (Counts I through XII): These counts are directed at other Defendants (CIMA, CIMA Miami Springs, Infante, Cisneros, Abraham, and Casta). To the extent they allege any involvement by the Castellon Defendants, they are denied.

13. Paragraphs 322–329 (Count XIII – Declaratory Judgment vs. Castellon): Denied. Castellon denies that it operated unlawfully or that Plaintiffs are entitled to a declaration of non-payment.

14. Paragraphs 330–337 (Count XIV – RICO vs. Perez): Denied. Perez denies conducting the affairs of any enterprise through a pattern of racketeering activity or mail fraud.

15. Paragraphs 338–345 (Count XV – RICO Conspiracy vs. Perez and Casta): Denied. Perez denies conspiring with Casta or any other person to violate RICO.

16. Paragraphs 346–354 (Count XVI – FDUTPA vs. Castellon, Perez, and Casta): Denied. Defendants deny engaging in unfair or deceptive trade practices.

17. Paragraphs 355–361 (Count XVII – Common Law Fraud vs. Castellon, Perez, and Casta): Denied. Defendants deny making false statements or material misrepresentations to Plaintiffs.

18. Paragraphs 362–367 (Count XVIII – Unjust Enrichment vs. Castellon, Perez, and Casta): Denied. Defendants deny being unjustly enriched and assert that all payments received were for lawful services rendered.

19. Paragraphs 368–413 (Counts XIX through XXIV): These counts are directed at other Defendants (Community Choice, Garcia Prada, Casta). To the extent they allege any involvement by the Castellon Defendants, they are denied.

20. Paragraph 414 (Jury Demand): No response is required, but Defendants also demand a trial by jury.

21. General Denial: Any allegation in the Amended Complaint not expressly admitted herein is hereby denied.

## I. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, while expressly reserving the right to amend or add additional defenses as discovery progresses:

1. Failure to State a Claim: Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against the Castellon Defendants. Specifically, the conclusory allegations fail to plausibly establish that these Defendants participated in the operation or management of any RICO enterprise or committed any predicate acts of fraud.

2. Failure to Plead Fraud with Particularity (Rule 9(b)): Plaintiffs' claims for Common Law Fraud (Count XVII), RICO violations (Counts XIV & XV), and FDUTPA (Count XVI) are barred because they fail to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiffs have engaged in impermissible "shotgun pleading" by grouping the Castellon Defendants with other unrelated clinics and failing to identify with precision the specific false statements, documents, or misrepresentations allegedly made by Castellon or Mr. Perez specifically.

3. RICO Distinctness: Plaintiffs' RICO claims fail because they have not adequately alleged a "distinct" enterprise separate from the "persons" alleged to be liable. The Amended Complaint impermissibly treats the employees, owners, and the corporation (Castellon) as both the "persons" and the "enterprise," violating the distinctness requirement of 18 U.S.C. § 1962(c).

4. Intracorporate Conspiracy Doctrine: Plaintiffs' claims for RICO Conspiracy (Count XV) are barred by the intracorporate conspiracy doctrine. An entity (Castellon Medical Center, LLC) cannot conspire with its own officers, agents, or owners (Francisco Perez) for purposes of RICO or common law conspiracy.

5. Good Faith / Medical Necessity: Plaintiffs' claims are barred because the medical services at issue were actually rendered, were medically necessary for the treatment of the insured patients, and were billed in accordance with the applicable fee schedules and the Florida Motor Vehicle No-Fault Law (Fla. Stat. § 627.736). At all material times, the Castellon Defendants acted in good faith, in reliance on the advice of medical professionals and billing specialists, and without any intent to defraud Plaintiffs.

6. Voluntary Payment Doctrine: Plaintiffs' claims for Unjust Enrichment (Count XVIII) and Common Law Fraud (Count XVII) are barred, in whole or in part, by the doctrine of voluntary payment. Plaintiffs paid the subject claims with full knowledge of the facts they now allege constitute fraud, or with the means to ascertain such facts, and thus waived their right to recover said payments.

7. Statute of Limitations: Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation to the extent they seek recovery for claims submitted or paid outside the statutory period prior to the filing of the initial Complaint.

WHEREFORE, Defendants, CASTELLON MEDICAL CENTER, LLC and FRANCISCO PEREZ, L.M.T., respectfully request that this Court enter judgment in their favor, dismiss Plaintiffs' Amended Complaint with prejudice, award Defendants their reasonable attorneys' fees and costs pursuant to applicable law (including but not limited to Fla. Stat. § 501.2105 regarding the FDUTPA claim), and grant such other relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Edersy Suarez
_____
Edersy Suarez, Esq.
Florida Bar No.: 108117
Attorney for Plaintiff
The Law Office of Edersy Suarez, PA
14160 Palmetto Frontage Rd., Suite 21
Miami Lakes, FL 33016
Ph: (786) 420-2893 * Fax: (305) 503-9273
E-Mail: esuarez.law@gmail.com
Service E-Mail: esuarezpleadings@gmail.com

**<u>SERVICE LIST</u>**

Max Gershenoff, RIVKIN RADLER, LLP, 1301 Riverplace Blvd., Jacksonville, FL,

32207, Max.Gershenoff@rivkin.com - Counsel for Plaintiff (Served via CM/ECF)